**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jacob Heyward Seay, Appellant.

Appellate Case No. 2014-001024

―――――――――

Appeal From Lexington County
Thomas A. Russo, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2015-UP-552
Submitted October 1, 2015 – Filed December 9, 2015

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender John Harrison Strom, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Christina Catoe Bigelow, and Assistant Attorney General V. Henry Gunter, Jr., all of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.

―――――――――

**PER CURIAM:**  In this appeal from a conviction for first-degree burglary, Jacob Heyward Seay argues the trial court erred by (1) denying his motion for a mistrial and issuing an *Allen*[1] charge after the jury indicated it was deadlocked and (2) responding to the jury's question during deliberations by informing it to review the sections of the jury instructions on direct and circumstantial evidence.  We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying the motion for a mistrial and issuing an *Allen* charge: *State v. Avery*, 333 S.C. 284, 296, 509 S.E.2d 476, 483 (1998) (stating when an instruction as given is inadequate, a party must object at the completion of the instructions in order to preserve the issue for review); *State v. Staten*, 364 S.C. 7, 41-42, 610 S.E.2d 823, 841 (Ct. App. 2005) (stating a jury charge is not preserved for appellate review unless a party requested the charge and obtained a ruling or objected on specific grounds to the charge as given); *State v. Bryant*, 372 S.C. 305, 315-16, 642 S.E.2d 582, 588 (2007) (holding an issue conceded in the trial court cannot be argued on appeal).

2. As to whether the trial court erred in its response to the jury's question: *Sheppard v. State*, 357 S.C. 646, 665, 594 S.E.2d 462, 472 (2004) ("In general, the trial court is required to charge only the current and correct law of South Carolina."); *id.* at 665, 594 S.E.2d at 472-73 ("A jury charge is correct if it contains the correct definition of the law when read as a whole."); *State v. Logan*, 405 S.C. 83, 94 n.8, 747 S.E.2d 444, 449 n.8 (2013) ("A trial court's decision regarding jury charges will not be reversed where the charges, as a whole, properly charged the law to be applied."); *id.* at 98, 747 S.E.2d at 452 ("[T]he circumstantial evidence instruction is best characterized as a construct requiring the State to prove its case beyond a reasonable doubt, while at the same time providing a framework for a 'rational' and 'cumulative' assessment for guiding the jury's consideration of circumstantial evidence.").

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] *Allen v. United States*, 164 U.S. 492 (1896).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.